**UNITED STATES of America, Plaintiff,**

v.

**Henry B. McCLELLAN, Circuit Court Clerk and Registrar, Holmes County, Mississippi, State of Mississippi, Defendants.**

**Civ. A. No. 3607.**

United States District Court

S. D. Mississippi,

Jackson Division.

Sept. 24, 1965.

Nicholas B. de Katzenbach, U. S. Atty. Gen., Robert Hauberg, U. S. Atty., for plaintiff.

Joe T. Patterson, Atty. Gen. of State of Mississippi and Thomas H. Watkins, Sp. Asst. Atty. Gen., of State of Mississippi, Jackson, Miss., for defendant.

Before JONES and BELL, Circuit Judges, and CLAYTON, District Judge.

WARREN L. JONES, Circuit Judge:

Asserting jurisdiction under 42 U.S.C.A. § 1971(d) and 28 U.S.C.A. § 1345, an action was instituted for the United States and in its name by the Attorney General, as authorized by 42 U.S.C.A. § 1971(c) against Henry B. McClellan, Circuit Court Clerk and Registrar of Holmes County, Mississippi, joining the State of Mississippi as a defendant. It was charged in the complaint that the defendants in conducting registration for voting in Holmes County engaged in racially discriminatory acts and practices which deprived the Negro citizens of that county of the right to register and vote without distinction of race or color. It was alleged that the deprivation of the Negro citizens of the county of their rights to become registered as voters was pursuant to a pattern and practice. Injunctive and other relief was sought. A Three-judge court was requested. A motion to dismiss was filed and over-ruled. An answer was filed containing general denials of the pertinent factual averments of the complaint and asserting that the Federal statutes were unconstitutional. The application for injunctive relief was presented to the Honorable Sidney C. Mize, United States District Judge for the Southern District of Mississippi, who notified the Acting Chief Judge of the United States Court of Appeals for the Fifth Circuit that the action was one which was required to be heard and determined by a Three-judge court. Warren L. Jones, United States Circuit Judge

of the Court of Appeals for the Fifth Circuit, and Claude F. Clayton, United States District Judge for the Northern District of Mississippi, were designated to serve with Judge Mize to constitute a court for hearing and determining the action. The testimony of witnesses was taken by interrogatories and at the trial of the cause before the court, and documentary evidence was submitted. After the taking of testimony had been completed and both plaintiff and defendants had rested, but before the testimony had been transcribed and argument of counsel had been presented, Judge Mize died. A stipulation between the plaintiff and defendants was entered into and filed in the cause by which it was agreed that a third judge might be designated by the Chief Judge of the Court of Appeals for the Fifth Circuit to replace the late Sidney C. Mize and that the newly appointed judge would fully participate in the consideration and decision of the cause. The right to a retrial or representation of evidence was expressly waived. The Chief Judge of the Court of Appeals for the Fifth Circuit designated Griffin B. Bell, United States Circuit Judge of the Court of Appeals for the Fifth Circuit, in place and stead of the late Sidney C. Mize. Briefs were filed and the cause was orally argued by counsel before the court consisting of Judges Jones, Bell and Clayton.

Prior to the argument on the merits, the defendants filed a motion to dissolve the Three-judge court and to dismiss the action for want of jurisdiction on the ground that no member of the court is a district judge of the Southern District of Mississippi in which the proceeding was instituted. By this motion it is contended that a legally constituted Three-judge court under the applicable statute [1] must have as one of its members

---

[1]. In any proceeding instituted by the United States in any district court of the United States under this section in which the Attorney General requests a finding of a pattern or practice of discrimination pursuant to subsection (e) of this section the Attorney General, at the time he files the complaint, or any defendant in the proceeding, within twenty

days after service upon him of the complaint, may file with the clerk of such court a request that a court of three judges be convened to hear and determine the entire case. A copy of the request for a three-judge court shall be immediately furnished by such clerk to the chief judge of the circuit (or in his absence, the presiding circuit judge of the

a district judge of the court in which the proceeding was instituted. The defendants assert that the stipulation does not and cannot authorize the designation of any one other than a judge of the district court for the Southern District of Mississippi to assume the place on the court left vacant by the death of Judge Mize. At the time of the commencement of this action and at all times up to the present time, Judge Clayton has been designated to hold a district court in the Southern District of Mississippi pursuant to the provisions of 28 U.S.C.A. § 292(b). The district court for the Southern District of Mississippi has a rule regulating the assignment of cases, adopted pursuant to 28 U.S.C.A. § 137. The rule provides that the Chief Judge shall divide the business of the court to be done by each judge to whom it is assigned by him, and that no specially assigned or designated judge shall have authority to try any other case or cases or to make or enter orders in any case not specially assigned to him by the Chief Judge of the court. At the time this suit was instituted and at all times up to the present time, Judge William Harold Cox was the Chief Judge of the District Court for the Southern District of Mississippi. No order has been entered in the case by Judge Cox. This motion was heard with the argument on the merits and is before us for determination.

■■ If the defendants' position is sound, it would follow that an action such as this, which must be expedited,[2] would abate or become subject to dismissal if it was brought in a single judge district court[3] and that judge was disqualified, died or became disabled. We are not willing to believe that the Congress intended such a result and we conclude that the designation of Judge Clayton to hold a district court in the Southern District of Mississippi met the requirement of the statute. If the court rule is in conflict with the statute, the latter will control. The motion to dissolve the Three-judge court and to dismiss for want of jurisdiction will be denied.

■ At the time the action was commenced and at the time the testimony was taken, it was provided by the constitution[4] and statutes[5] of Mississippi that applicants for registration should make a sworn written application on a form which showed that the applicant was entitled to register and vote. One of the requirements was that the applicant be able to read and write any section of the State constitution and give a reasonable interpretation thereof. One of the principal contentions of the United

---

circuit) in which the case is pending. Upon receipt of the copy of such request it shall be the duty of the chief judge of the circuit or the presiding circuit judge, as the case may be, to designate immediately three judges in such circuit, *of whom at least one shall be a circuit judge and another of whom shall be a district judge of the court in which the proceeding was instituted,* to hear and determine such case, and it shall be the duty of the judges so designated to assign the case for hearing at the earliest practicable date, to participate in the hearing and determination thereof, and to cause the case to be in every way expedited. An appeal from the final judgment of such court will lie to the Supreme Court.

In any proceeding brought under subsection (c) of this section to enforce subsection (b) of this section, or in the event neither the Attorney General nor any defendant files a request for a three-judge court in any proceeding authorized by this subsection, it shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case may be, shall certify this fact to the chief judge of the circuit (or, in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case. 42 U.S.C.A. § 1971(h) [Emphasis supplied.]

2. 42 U.S.C.A. § 1971(h).

3. Of which there are a substantial number. 28 U.S.C.A. § 133.

4. Miss.Constitution § 244.

5. Miss.Code 1942 § 3213.

States was that the Registrar discriminated against Negro applicants in the application of this provision by the giving of more difficult constitutional sections to Negroes than to white persons and by giving assistance to white persons and not giving any assistance to Negroes in answering the constitutional interpretation questions on the application form. Prior to the argument, the defendants filed a motion to dismiss the action for want of jurisdiction on the ground that it had become moot by reason of legislation enacted in Mississippi repealing the prior statutes fixing qualifications for voter registration and eliminating the constitutional interpretation test. The new statutes provide that every inhabitant, except idiots, insane persons and Indians not taxed, who is a citizen of the United States, 21 years old and a resident of the State two years and of the election district one year, who is able to read and write and has not been convicted of certain designated offenses and who has paid poll taxes for two years shall be entitled to vote after having registered. Certain ministers are given the right to vote upon a shorter period of residence and those who are unable to read or write by reason of physical disability if otherwise qualified are entitled to vote. A statutory form of application is prescribed for furnishing the information necessary to show the less onerous qualifications for voting under the new statutes are met.[6] Subsequent to the hearing, the Mississippi electors, by a very substantial majority[7] adopted an amendment[8] to the Mississippi constitution. The most important change effected by the amendment, so far as this action is thereby affected, is the elimination of the constitutional interpretation test as a qualification for registration as a voter. The defendants urge that the objectives sought in this action[9] have been attained through the recent legislative enactments and constitutional provisions of the State of Mississippi. If the only charges of discrimination had been in connection with the constitutional interpretation test, it might be that the mootness contention could properly be made. Since the State itself has eliminated the constitutional interpretation test, it seems unnecessary to discuss the validity of the test or determine whether the test was fairly applied as between applicants of the two races without favoritism to one and discrimination against the other. Other discriminatory practices are charged by the United States against the Registrar in his dealing with applicants for registration, and evidence to support the charges is before us. This being so, the case cannot be disposed of on the ground that the constitutional interpretation test has been eliminated even though the discrimination in applying this test formed the basis of the principal charge of discrimination. The motion to dismiss for mootness will be denied.

The defendants, during the course of the trial, objected to the admission of evidence relating to matters occurring prior to the time when the defendant McClellan became Registrar, to the admission of poll tax lists and other evidence relating to poll taxes, to the admission in evidence of an index to registration applications, and to the admission of evidence as to the number of Negro teachers in the County. Rulings were reserved and the evidence tendered was received subject to the objections. None of the evidence which the Court is asked to exclude bears very heavy in the scale and if all of it should be rejected the result would not be affected. However, it is our view that the objections made go to the weight of the challenged evidence rather than to its admissibility. The objections will be overruled.

---

6. Senate Bills Nos. 1501 to 1510, inclusive.

7. 137,236 for; 50,748 against.

8. Senate Concurrent Resolution No. 103 amending Sections 242 and 244, enacting Section 244-A, and repealing Section 241-A, of the Mississippi Constitution.

9. The validity of the Mississippi poll tax laws is not an issue.

The defendant, Henry B. McClellan, as already noted, is Circuit Court Clerk and Registrar of Holmes County, Mississippi. This is a rural county, having a population as shown by the 1960 census of 4,773 white persons of voting age and 8,757 Negroes of voting age. The registration lists might be said to indicate that substantially 100% of the white inhabitants are registered to vote, since there are on the registration lists of Holmes County approximately as many names of white registrants as there are white persons of voting age residing in the county. It cannot be inferred from this fact that all of the white residents of the county who are over the age of 21 are registered to vote since there has been no purging of the rolls in many years for the purpose of eliminating the names of persons who have died or who have moved out of the county. A minimal number of Negroes were registered to vote prior to the institution of this action. Subsequent to the commencement of the action, a number of Negroes who had applied prior to the beginning of the action or while it was pending have been placed on the registration lists. It may be assumed that with the constitutional interpretation test eliminated increasing numbers of Holmes County Negroes will be making application to register.

■ On the issue of discrimination by the Registrar against Negro applicants, the evidence of the United States does not make out a strong case. Some of the Government's witnesses were shown to be unworthy of belief. However, we think that the evidence is such as not only permits but requires a finding that the Registrar discriminated against Negro applicants and favored white applicants. In many instances, the Registrar permitted those of the white race to register on the day their applications were submitted while deferring action upon applications of Negroes for a thirty-day period. He declined to permit more than one Negro at a time to work on an application form while allowing more than one white applicant to do so. He assisted white applicants in the filling out of the application forms and denied such assistance to Negroes. The evidence demonstrates that the discrimination by the Registrar against Negroes in the making by them and the processing by him of applications to register was pursuant to a pattern and practice. United States v. Ward, 5th Cir. 1965, 349 F.2d 795; 352 F.2d 329; United States v. Ward, 5th Cir. 1965, 345 F.2d 857; United States v. Logue, 5th Cir. 1965, 344 F.2d 290; United States v. Parker, M.D.Ala.1964, 236 F.Supp. 511.

The evidence as to the Registrar's rudeness to Negro applicants relates to isolated instances and is not such as would justify a finding of a practice and pattern of harassment and humiliation of Negro applicants.[10] There was evidence of erroneous entries in the Registrar's records with respect to Negro applicants. It was not shown that these errors were purposely made or with an intent to deny or delay the exercise by the applicant of the right to vote.

■ The United States urges that this is a case for freezing relief. In United States v. Atkins, 5th Cir. 1963, 323 F.2d 733, it was held that the freezing principle would be appropriate only where there was no alternative whereby justice could be obtained. See United States v. Ramsey, 5th Cir. 1964, 331 F.2d 824. If the constitution and statutes of Mississippi were now as they were when this action was commenced we would agree with the United States and provide for freezing relief in the judgment of the Court. The laws are changed and, as has been observed, by the new statutes and constitutional amendments of Mississippi the fundamental objectives which freezing would accomplish have

10. On a few occasions when Negroes came to make applications to register in such numbers as made it inconvenient to have them wait inside, they were directed to wait under a tree in the Court House yard.

We think the Government overemphasizes these incidents and we are not persuaded that they were or were intended to be discriminatory.

been achieved by the actions of the legislature and of the people of the State. No more could properly be required by a freezing provision in an injunctive judgment than is now required by the law of the State. That there has been a change of mind is clearly shown. The Registrar of Holmes County and those by whom he was elected should be permitted to show that there has also been a change of heart.

While this action was pending the Congress passed and the President approved the Voting Rights Act of 1965.[11] Its provisions have not been relied upon in reaching a decision of this case.

The judgment will be in substantially the form outlined in the recently decided cases. See Brown v. Katherine Ward, supra; Brown v. Wilbur G. Ward, supra. The awarding and taxing of costs will be deferred. This opinion will stand for and be taken as findings of fact and conclusions of law.

11. P.L. 89–110, 79 Stat. 437, 89th Cong. S. 1564.